UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| THOMAS R. NAUMANN, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | Case No. 13-3083-CV-S-DGK-P |
| IAN WALLACE, | ) |  |
| Respondent. | ) |  |

# **O R D E R**

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his conviction in the Circuit Court of Christian County, Missouri, for murder in the second degree.

The Missouri Court of Appeals affirmed petitioner's conviction. Doc. 8-5 (unpublished opinion). Petitioner sought post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, etc., which the Circuit Court of Christian County denied, Doc. 23-6 (order), and petitioner did not appeal that ruling, *id*.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995), *cert. denied*, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default."

*Id.*

Petitioner lists four grounds for relief, Doc. 1, pp. 11-12 (petition); however, petitioner concedes that those claims "were not previously presented in state court proceedings," *id*. at 12. The record supports petitioner's concession.

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner attributes his default to ineffective assistance of post-conviction counsel. Doc. 17, pp. 14-19, 25-27, and 39-42 (traverse in which petitioner relies on *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309, 1320 (2012) ("procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective")).

Petitioner's first, second, and fourth grounds for relief (defective charging document, *Miranda* violation, and prosecutorial misconduct, respectively) are claims that petitioner should have

2

presented to the Missouri Court of Appeals on direct appeal. *See State v. Carter*, 955 S.W.2d 548, 555 (Mo. 1997) ("claim[s] of trial error [are] outside the scope of a Rule 29.15 motion") (citations omitted). Therefore, petitioner's discussion regarding the performance of post-conviction counsel has no bearing on why petitioner failed to present these claims to the Missouri Court of Appeals on direct appeal.

As his third ground for relief, petitioner claims that "trial counsel was ineffective by failing . . . to properly object to the jury viewing videotaped extrajudicial statements of [petitioner.]" Doc. 1, p. 12 (petition). The Circuit Court of Christian County denied post-conviction relief based on that primary claim.[1] Doc. 23-7, pp. 7-8 (Findings of Fact and Conclusions of Law). For the reasons given by respondent, Doc. 8, pp. 12-14, this Court discerns no constitutional violation regarding the performance of post-conviction counsel.

Petitioner has failed to demonstrate cause for his default. Petitioner also has failed to show that he is "probably actually

---

[1]The state court rejected petitioner's claim that counsel should have objected to the admission of petitioner's videotaped statement because "the video has the wrong date and time" and because it was cumulative to other evidence. *See* Doc. 23-7, p. 8. In this case, petitioner claims that counsel should have objected to the admission of the videotaped statement based on the Confrontation Clause and "improper bolstering." Doc. 1, p. 12.

innocent" of the crime for which he was convicted.  *Bowman v. Gammon*, 85 F.3d 1339, 1346 (8th Cir. 1996), *cert. denied*, 520 U.S. 1128 (1997); *see* Doc. 17 (traverse).  The Court finds that further review of petitioner's defaulted claims is not required to prevent a fundamental miscarriage of justice.[2]

Accordingly, it is **ORDERED** that this petitioner for a writ of habeas corpus is denied, and this case is dismissed.



/s/ Greg Kays_____
GREG KAYS
CHIEF UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: May 7, 2014.

---

[2] Given the disposition of this case, the Court will not address the issue of timeliness.